# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KEITH WAYNE ANDERSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:18-cv-0414 |
| ) | Judge Aleta A. Trauger |
| NORTHSTAR MORTGAGE LLC, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM

Having granted plaintiff Keith Anderson leave to proceed *in forma pauperis*, the court must conduct an initial review of the Complaint to determine whether it states a plausible claim for relief. Finding that it does not, the court will dismiss the Complaint.

## I. Initial Review Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis* and to dismiss the complaint, or any claim asserted therein, if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take

all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Twombly*, the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. . . ." 550 U.S. at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*. at 678 (quoting *Twombly*, 550 U.S. at 556, 557). That is, a plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d

523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Id.*

While a "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even under this lenient standard *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The leniency granted to *pro se* plaintiffs "does not require a court to conjure allegations on a litigant's behalf." *Id.* (internal quotation marks and citation omitted).

## II. Factual Allegations in Complaint

In his Complaint, Keith Anderson alleges that the defendant entered into a mortgage modification agreement with Anderson's ex-wife, Brandie Anderson, which erroneously listed Keith Anderson as a secondary or co-borrower. Keith Anderson's name is manually crossed off in the document, and he did not sign the agreement. He alleges that Brandie Anderson failed to make payments in accordance with the loan modification agreement. Nationstar Mortgage LLC "reported this to the credit bureaus," which, presumably because Keith Anderson's name was still on the loan modification agreement, albeit crossed out, had "devastating [e]ffects on Keith Anderson's way of life." (Doc. No. 1 ¶ 4.) The plaintiff does not elaborate further, other than to assert that the court has jurisdiction over this action under 28 U.S.C. § 1332, based on diversity of citizenship.

## III. Discussion

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.'" *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064

(6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* "'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to consider *sua sponte* whether they have such jurisdiction." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The plaintiff asserts that the court has diversity jurisdiction over this action, citing 28 U.S.C. § 1332. In support, he alleges that he resides in Eagleville, Rutherford County, Tennessee and that the defendant, Nationstar Mortgage LLC, "resides" in Dallas, Texas. (Compl., Doc. No. 1 ¶ 3.) The plaintiff, however, does not assert the monetary value of the damages allegedly sustained as a result of the defendant's action, and the court finds that the complaint does not support a conclusion that the amount in controversy exceeds the sum of $75,000, as required by 28 U.S.C. § 1332(a). It therefore does not appear that the court has diversity jurisdiction over this action.

However, construing the Complaint very liberally, as required for a *pro se* pleading, the court finds that the plaintiff is attempting to state a claim for relief under a federal statute—the Fair Credit Reporting Act ("FCRA"), and specifically 15 U.S.C. § 1681s-2—over which the court has federal question jurisdiction. 28 U.S.C. § 1331. The court will therefore proceed to consider whether the Complaint states a claim under that statute for which relief may be granted.

B.  **Failure to State a Claim for Which Relief May Be Granted**

The FCRA exists "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy," and, "[t]o that end, is designed to prevent 'furnishers of information' from spreading inaccurate consumer credit information." *Boggio v.*

*USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007), and 15 U.S.C. § 1681s-2). The statutory obligations of any "person" who "furnishes information" to consumer reporting agencies ("CRAs"), including banks who report information to CRAs, are set forth in 15 U.S.C. § 1681s-2.

In construing that provision, the Sixth Circuit has explained that:

Section 1681s-2 works in two phases. Initially, furnishers [of information] have a duty to provide the CRAs with accurate information about their consumers. § 1681s-2(a). Later, a furnisher may be asked by a CRA to respond to disputes about the consumer information provided. If at some point a CRA discovers that either the "completeness or accuracy" of a consumer's information is in dispute— and provided that it does not determine the dispute to be "frivolous or irrelevant"—that CRA will then notify the original furnisher and provide it with "all relevant information regarding the dispute." § 1681i(a)(1)–(3).

*Boggio*, 696 F.3d at 614.

In addition, in a second phase, set forth in § 1681s-2(b), if a furnisher receives information from a CRA about a dispute regarding the completeness or accuracy of information provided to the CRA, the furnisher is obligated to:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to [§] 1681i(a)(2) of this title;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

§ 1681s-2(b)(1).

The FCRA creates a private right of action to enforce some—but not all—of its terms. *Boggio*, 696 F.3d at 615 (citing 15 U.S.C. §§ 1681n, 1681*o*). In particular, under § 1681c-2(c), consumers may not bring a private cause of action based on a furnisher's failure to comply with its initial obligation under § 1681s-2(a) to provide complete and accurate consumer information to a CRA. *Boggio*, 696 F.3d at 615–16; § 1681s-2(c) ("[S]ections 1681n and 1681*o* of this title do not apply to any violation of subsection (a) of this section"). Instead, the enforcement of subsection (a) is reserved exclusively to "the Federal agencies and officials and the State officials identified in section § 1681s of this title." § 1681s-2(d).

Consumers may, however, bring a private civil action for violations of § 1681s-2(b). "Inasmuch as CRAs need not forward frivolous disputes along to furnishers, *see* § 1681i(a)(3), this statutory framework provides consumers with a private remedy against negligent or willful misconduct by a furnisher, while it simultaneously protects furnishers from answering frivolous consumer disputes." *Boggio*, 696 F.3d at 616; *see id.* ("Therefore, we hold that consumers . . . may file actions pursuant to §§ 1681n and 1681*o* claiming that furnishers of information have violated § 1681s-2(b)."). If a consumer shows that a furnisher negligently breached any one of these duties enumerated in § 1681s-2(b) with respect to that consumer's disputed information, the consumer will be entitled to actual damages under § 1681*o*. A consumer who establishes a willful violation may recover actual or statutory damages, as well as punitive damages. *Id.* § 1681n. Costs and reasonable attorney's fees are also authorized under both §§ 1681n and 1681*o*; *see also Boggio*, 696 F.3d at 618.

In the bare-bones Complaint now before the court, the plaintiff alleges facts that arguably

suggest that Nationstar Mortgage, as a furnisher of information, negligently violated its obligation under § 1681s-2(a) to provide accurate information about the plaintiff to the CRAs. The plaintiff, however, cannot bring a private cause of action based on a violation of that subsection. Moreover, he does not allege any facts suggesting that Nationstar was ever notified about a dispute pertaining to such information or that it thereafter failed to investigate such a dispute, review information provided by a CRA, report the results of its investigation, or take action based on the results of any investigation, or that it otherwise violated its obligations under § 1681s-2(b).

Because the plaintiff fails to allege any facts showing a violation of any portion of the FCRA with respect to which a private enforcement right exists, the court finds that the Complaint fails to state a claim for a violation of the FCRA for which relief may be granted.

**IV. Conclusion**

For the reasons set forth herein, the Complaint will be dismissed without prejudice. An appropriate Order is filed herewith.

ENTER this 6th day of July 2018.

ALETA A. TRAUGER
United States District Judge